UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVIS WIRE CORPORATION,<br><br>          Plaintiff,<br><br>    v.<br><br>TEAMSTERS LOCAL UNION NO 117,<br><br>          Defendant. | CASE NO. C14-47 MJP<br><br>ORDER DENYING MOTION TO DISMISS |

This matter comes before the Court on Defendant's motion to dismiss Plaintiff's claims under Section 301 of the Labor Management Relations Act, 29 U.S.C. 185. Having reviewed the motion (Dkt. No. 15), Plaintiff's response (Dkt. No. 17), Defendant's reply (Dkt. No. 18), and all related papers, the Court DENIES the motion to dismiss.

**Background**

This case arises out of a collective bargaining agreement ("CBA") entered into by Plaintiff Davis Wire Corporation ("Davis Wire") and Defendant Teamsters Local Union No. 117 (the "Union"). (Dkt. No. 1 at 1.) The Union represents Davis Wire's employees in the

bargaining unit at the company's plant in Kent, Washington. (Dkt. No. 1 at 2.) At contention here is Section 21.7 of the CBA, which provides as follows:

> When the nature of a work assignment prevents an employee from being relieved from duty for a meal period, it is agreed that the employee shall have an on-duty meal period. The on-duty meal period shall be counted as time worked.

(Dkt. No. 1 at 2.)

In April 2012, two employee-union members covered by the CBA filed a class action lawsuit in King County Superior Court against Davis Wire. (Id. at 3.) Among other claims, the lawsuit seeks to end on-duty meal periods as agreed upon in the CBA. (Id.)

On or about March 21, 2013, Davis Wire discovered the Union was allegedly paying the employee-plaintiffs' attorney fees and costs in the lawsuit against the company. (Id.) On June 24, 2013, Davis Wire filed an unfair labor practice ("ULP") charge with the National Labor Relations Board ("NLRB"), alleging the Union violated Section 8(b)(3) of the National Labor Relations Act ("NLRA"), 29 U.S.C. 158(b)(3), by funding the class action "for the purpose of abrogating the provisions of Section 21.7 of the CBA." (Dkt. No.15-1 at 3.) The NLRB investigated this charge and dismissed it, finding there was "insufficient evidence to establish a violation of the Act." (Dkt. No. 15-1 at 4.)

On January 10, 2014, Davis Wire brought this case before this Court pursuant to Section 301 of the Labor Management Relations Act ("LMRA §301"), 29 U.S.C. 185, arguing the Union's ongoing funding of the class action breaches the CBA by violating Section 21.7 and violating the implied covenant of good faith and fair dealing. (Dkt. No. 1 at 3-4.) The Union now moves to dismiss Davis Wire's claims under Fed. R. Civ. P. 12(b)(6). (Dkt. No. 15).

**Discussion**

The Federal Rules require a plaintiff to plead "a short and plain statement of the claim," showing entitlement to relief. Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.

### I. Breach of the Collective Bargaining Agreement

LMRA §301 provides a federal cause of action in suits alleging breach of contracts such as a CBA between an employer and a labor union. 29 U.S.C. 185(a). Davis Wire fails to state a plausible claim for breach of Section 21.7 of the CBA, but successfully pleads a plausible claim for breach of the implied covenant of good faith and fair dealing.

#### i. Breach of Section 21.7

Davis Wire fails to state a plausible claim for breach of Section 21.7 because, on its face, Section 21.7 does no more than obligate employers to compensate employees for on-duty meal periods. Although Davis Wire argues the Union's funding of the class action is "designed to abrogate Section 21.7" in violation of the CBA, Davis Wire cites no authority to support this roundabout analysis and conclusion. (Dkt. No. 17 at 4.) Without an explicit provision in the CBA somehow preventing the Union from supporting litigation arising from the CBA—such as a mandatory arbitration provision—the inference cannot be made that the Union agreed to refrain from such lawsuits simply by virtue of executing the CBA.

#### ii. Breach of the Implied Covenant of Good Faith and Fair Dealing

An alternative basis for a breach of contract claim concerns the implied covenant of good faith and fair dealing. See Allis–Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985), citing Restatement (2d) of Contracts § 205 (1979). Section 301 also confers federal jurisdiction over a claim based on the implied good-faith covenant because the covenant "derives from the [CBA]

and is defined by the contractual obligation of good faith." Audette v. Int'l Longshoremen's & Warehousemen's Union, 195 F.3d 1107, 1112 (9th Cir. 1999), citing Allis-Chalmers at 218. This covenant requires that neither party act to "frustrate the object of [the] contract" or "[destroy] or [injure] the right of the other party to receive the fruits of the contract." Local 3-7, Int'l. Woodworkers of Am. v. DAW Forest Prods Co., 833 F.2d 789, 795 (9th Cir. 1987) (internal quotations omitted).

Davis Wire's complaint states a plausible claim for breach of the implied good-faith covenant under LMRA §301. Davis Wire alleges the Union, in funding the class action lawsuit, is "attempting to circumvent the [CBA] and unilaterally repudiate the on-duty meal period agreement in Section 21.7." (Dkt. No. 1 at 3.) This allegation of the Union's improper intent, viewed in connection with the alleged purpose of the class action lawsuit, is sufficient to infer the Union's conduct frustrates the object of Section 21.7 of the parties' CBA.

II.     NLRA Preemption

Even if Davis Wire states a plausible claim for breach of the implied good-faith covenant, the Union argues the claim is preempted by the NLRA as a ULP claim. (Dkt. No. 15 at 4-5.) ULP claims under the NLRA, 29 U.S.C. 158(a)-(b), are subject to the exclusive jurisdiction of the NLRB. San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236 (1959). However, claims asserted under LMRA §301 may be heard in federal court even if the alleged conduct also arguably gives rise to a ULP. See Vaca v. Sipes, 386 U.S. 171, 183-84 (1967) ("Garmon and like cases have no application to §301 suits . . . ."). That Davis Wire has already brought a ULP charge before the NLRB based on the same factual circumstances is immaterial because "the courts and the Board generally exercise concurrent jurisdiction." Local 3-7, at 792. Accordingly, Davis Wire's LMRA §301 claim for breach of the implied good-faith covenant is not NLRA-preempted.

### III. Statute of Limitations

In the alternative, the Union argues that even if the Court finds a breach of Section 21.7 or a breach of the implied good-faith covenant, Davis Wire's case should be dismissed because its claims are time-barred. LMRA §301 does not expressly identify a statute of limitations period. Generally, "statutes of limitations are to be borrowed from state law." Reed v. United Transp. Union, 488 U.S. 319, 324 (1989). A narrow exception exists for situations in which "federal law provides a closer analogy [to the action at issue] than available state statutes, and when the federal policies at stake and the practicalities of litigation make [federal] rule a significantly more appropriate vehicle for interstitial lawmaking." Reed, 488 U.S. at 324, citing DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 172 (1983) (internal quotations omitted). Courts have recognized "federal labor law is chiefly designed to promote the formation of the collective agreement and the private settlement of disputes under it." Auto Workers v. Hoosier Cardinal Corp., 383 U.S. 696, 702 (1966).

Application of state law would not be inconsistent with federal labor law policy because the contractual dispute here involves neither the formation of the parties' CBA nor the private settlement of a dispute under the agreement. Rather, this case merely calls for contract interpretation and a determination of breach.

Further, even though Davis Wire's LMRA §301 claim implicates federal labor law, Washington contract law provides substantially similar causes of action and corresponding statutes of limitations. RCW 4.16.040(1) (six-year statute of limitations for breach of contract); RCW 4.16.080(3) (three-year statute of limitations for breach of implied good-faith covenant). Therefore, Washington's statutes of limitations are applicable here, and Davis Wire timely filed this case less than a year after it became aware of the Union's alleged breach. (Dkt. No. 1 at 3.)

## Conclusion

Davis Wire timely pleads a plausible LMRA §301 claim for breach of contract based on the implied covenant of good faith and fair dealing under the Parties' CBA. The Court therefore DENIES Defendant Union's motion to dismiss.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 2nd day of April, 2014.

Marsha J. Pechman
United States District Judge